PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

**FILED**

December 16, 2020

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

## IN THE UNITED STATES DISTRICT COURT

_____ lad _____
DEPUTY

FOR THE ___Western___ DISTRICT OF TEXAS

___Waco___ DIVISION

### PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

**Kevin Lavoy Batts**
PETITIONER
(Full name of Petitioner)

**Alfred D. Hughes Unit**
CURRENT PLACE OF CONFINEMENT

vs.

**1925765**
PRISONER ID NUMBER

**Cynthia Lofton**
RESPONDENT
(Name of TDCJ Director, Warden, Jailer, or
authorized person having custody of Petitioner)

**6:20-cv-01154**

CASE NUMBER
(Supplied by the District Court Clerk)

---

### INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.  Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6.  Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7.  Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8.  Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?** (Check all that apply)

☐   A judgment of conviction or sentence,    (Answer Questions 1-4, 5-12 & 20-25)
      probation or deferred-adjudication probation.
☐   A parole revocation proceeding.      (Answer Questions 1-4, 13-14 & 20-25)
☑   A disciplinary proceeding.        (Answer Questions 1-4, 15-19 & 20-25)
☐   Other:_____   (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
**Note:** In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1.  Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _Bexar County Court House western District, Bexar_

2.  Date of judgment of conviction: _march 12, 2014_

3.  Length of sentence: _25 years_

4.  Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: _Possession of ~~controlled~~ controlled Substance namely Cocaine_

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.    What was your plea? (Check one)  ☐ Not Guilty   ☐ Guilty   ☐ Nolo Contendere

6.    Kind of trial: (Check one)   ☐ Jury       ☐ Judge Only

7.    Did you testify at trial?   ☐ Yes  ☐ No

8.    Did you appeal the judgment of conviction?   ☐ Yes  ☐ No

9.    If you did appeal, in what appellate court did you file your direct appeal? _____

_____ Cause Number (if known): _____

What was the result of your direct appeal (affirmed, modified or reversed)? _____

What was the date of that decision? _____

If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

Grounds raised: _____

_____

Result: _____

Date of result: _____ Cause Number (if known): _____

If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

Result: _____

Date of result: _____

10.   Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.   ☐ Yes   ☐ No

11.   If your answer to 10 is "Yes," give the following information:

Name of court: _____

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: _____

Grounds raised: _____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:
_____

Grounds raised: _____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12.   Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?        ☐ Yes      ☐ No

(a)   If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____

_____

(b)   Give the date and length of the sentence to be served in the future: _____

_____

(c)   Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?   ☐ Yes   ☐ No

**Parole Revocation:**

13.   Date and location of your parole revocation: _____

14.   Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?   ☐ Yes   ☐ No

If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15.   For your original conviction, was there a finding that you used or exhibited a deadly weapon?
☐ Yes   ☑ No

16.   Are you eligible for release on mandatory supervision?   ☐ Yes   ☑ No

17.   Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:
*Alfred D. Hughes unit waco Texas western District*

Disciplinary case number: *20200190590*

What was the nature of the disciplinary charge against you? *Possession OF A Cell Phone*

18.   Date you were found guilty of the disciplinary violation: *May 13, 2020*

Did you lose previously earned good-time days?   ☐ Yes   ☑ No

If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:

_____

Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status: *40 day's commissary restriction, 40 day's recreation restriction, From S-4 To line two Custody change*

19.   Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
☑ Yes   ☐ No

If your answer to Question 19 is "Yes," answer the following:

Step 1 Result: *There was no procedural or due process errors identified*

Date of Result: 6-20-2020

Step 2   Result: You were appropriatley advised at Step(1) level

Date of Result: 8-26-2020

**All petitioners must answer the remaining questions:**

20.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A.   **GROUND ONE:** unit major. Smith conducting himself in an unprofessional manner putting my life in danger

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

I stopped major. Smith and informed him that my cell mate had lots of phones and K2 Synthetic marijuana in our cell and I wish to avoid problems by association, Him and officer martinez was dealing in lots of drugs and phones. New assistant Alsobroo was walking to one building warden Alsobroo when I told major Smith he did nothing

B.   **GROUND TWO:** With holding evidence 5-13-2020 Substitute Counsel Kathleen Brase said the only statement she had was

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

From Sgt. Birdow and that is the only one she provided at court 10-15-2020 I sent I-60 request to disciplinary and it said statement from Sgt. Riley, co Brown, sgt Birdow, co Aquna. Sgt. morrison I had requested all of them for my witness may 11,2020 but was told at court may 13,2020 the

–6–

C.   **GROUND THREE:** Officer Dill and Sgt. Birdow conspired against me, officer Dill and offender williams are very

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Closely acquainted from working 8-bldg together, firs off they did not Know I had already went to major. Smith about williams and officer martinez another 8-bldg worker and their involement in cell phones and K2 way before hand 4-16-2020, officer Dill found a charger in a brown paper bag, Sgt. Birdow

D.   **GROUND FOUR:** NO Investigation Conducted on my behalf Key witness NOT interviewed co Aquna, Sgt. Riley, Sgt. Morrison, Sgt. Simons

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

I requested was denied, Nobody contacted major. Smith nobody question if what to Dill said was True, why was I unhand cuff, Released and rehand cuff by Sgt. Simons. Sent letter to warden Alsabroo no answer Nobody looked into how I was able to give major. Smith officer Martinez cell phone number I was confine to 3-bldg martinez only work 8-bldg williams to

21.   Relief sought in this petition: _____

_____

_____

_____

_____

_____

_____

_____

22.  Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?   ☐Yes   ☐No
If your answer is "Yes," give the date on which <u>each</u> petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?   ☐ Yes   ☐ No

23.  Are any of the grounds listed in question 20 above presented for the first time in this petition?   ☐ Yes   ☐ No

If your answer is "Yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____

_____

_____

24.  Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☐ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

_____

25.  Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a)   At preliminary hearing: _____

(b)   At arraignment and plea: _____

(c)   At trial: _____

(d)   At sentencing: _____

(e)   On appeal: _____

(f)   In any post-conviction proceeding: _____

(g)     On appeal from any ruling against you in a post-conviction proceeding: _____

_____

## Timeliness of Petition:

26.     If your judgment of conviction, parole revocation or disciplinary proceeding became final over
        one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. §
        2244(d) does not bar your petition.[1]

_____

_____

_____

_____

_____

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

      (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____

Signature of Attorney (if any)

_____

       I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

_December 9, 2020_____ (month, day, year).

Executed (signed) on _December 9, 2020____ (date).

*Kevin Lavay Batts*
Signature of Petitioner (required)

Petitioner's <u>current</u> address: RT. 2 Box 4400 Gateville, Texas 76597

_____

After I spoke with major Smith the entire unit was placed on 14 day quarantine due to the Coronavirus April 16, 2020 about 4:00 p.m., on April 20, 2020 Clinton Williams was on his cell phone talking to officer Martinez, then williams call his Brother to give him officer martinez number, I got the number and Sent major. Smith an I-60 via mail to remind him of our conversation and to tell him I now had officer martinez phone number, he still never call me out, on may 1, 2020 14 day quarntine started over may 10, 2020 (4) sgt and (2) officers was at 34 and 35 cell looking for a phone., that my cell mate had already slide onto the run a few doors down, the officers came from 8-building and was at the back door of 3-A-2 Section but the back door was stuck from lack of use a few offenders and the S.S.I worker knew williams had K-2 only he had paid the offender in 43 cell to hold the K-2, they was yelling P.O here they come williams nick name He took the chip out the phone and got it out the cell the phone and charger was in a cough drop bag the extra charger was in a brown paper bag, now Officer Dill or any of the other officer (didn't knew) I had went to major. Smith about the K-2 and cell phone and officer martinez and offender Williams, Dill and williams both work 8-building and have an officer.-offender friendship williams often help Dill work by passing out food trays and cleaning up the pod, I don't work im medical unasign can't get to 8-bldg So how do I know about officer martinez was able to get his cell phone number officer martinez only work 8-bldg, Judge I went to major. Smith for help and so he could get the cell phone and K-2 why would I kick a bag out my Cell with the phone I wanted them to get? ~ I read officer Dill I-210 offense Report He Said when I exit my cell I kicked a bag on to the run He picked it up and it contain a cell phone and two chargers, me and williams was in the muti purpose room for like 20 minutes with Sgt. Riley at this time officer Dill had found the extra charger that was in the brown paper bag, So williams told Sgt. Riley the charger was his then Sgt. morrison came into the muti purpose room after him and Sgt. Riley talked He stayed in the muti purpose room talking to williams Sgt. Riley took me out the M-P room unhand cuff me and I was released and sent back to my Pod so was williams, Sgt. Riley was the one who hand cuff me when I was escorted to the muti purpose room officer Dill Said nothing to him or anybody about me kicking no phone out my cell and it was ranking officers over him there, read his offense report Sgt. Simons is the one who rehand cuff me and if what officer Dill Said is true in his offense report and at disciplinary court, why was the hand cuffs ever taken off me and I sent back to my Pod why was offender Clinton williams take to medical and given

#738766

**III** An Pre hearing detention physical it's on the medical file may 10, 2020  Judge let's say I was trying to help Williams get away with the phone by Kicking it on to the run, would that make it my phone, Sgt Birdow Found the phone slide way down the run in a cough drop bag He was braging all the way to medical how he Found the phone and almost walked past it, I find it impossible for Sgt. Riley, Sgt. Birdow, Sgt Morrison, Sgt. Simons, co **III** Santiago to all be around 34 and 35 cell and officer Dill was the only one to see me Kick such a large bag out my cell and on to the run See photo cell phone and both chargers very big, Sgt. Riley put the cuffs on me soon as I exit my cell So how far away was he standing, may 27, 2020 I seen Sgt. Riley at medical He went to major. Smith For me, on June 26, 2020 Smith sent co **III** Schmit to escort me to his officer, I Sent him officer martinez cell phone number via mail and he was able to fire him. Judge I lost both of my Parents and been indigent for years don't communicate with my family like that have no use for a cell phone or even the legal OTS phone TDCJ offer us to use, williams worked in the main Kitchen but for months was going out of place to 8-bldg Kitchen to work, to be close and then do business with officer martinez he even changed his shif from day to night Because officer martinez worked night, it's a food service manager work 8-bldg Kitchen yet williams was allowed to work 8-bldg Kitchen everyday til He messed up count on day got a out of place case and *disrupting count*, after the phone was Found He Told all these officers the phone was his yet Dill write me up and he don't even get a case Dill have a girl friend ms. winser she work 3-bldg alot they Know each other well She always tell williams go to work and help my baby And show him favoritism. Judge I was sent to this unit for medical reasons from McConnell, clinton williams came from coffield unit for cell Phones that's all he do and sell drugs, I don't Know what more I could have done Sgt. simons is the one who rehand cuff me, officer martinez use to work day shif also He go to night, williams follow, check williams disciplinary all he do is deal in Phones drugs and money

**B. GROUND TWO:**

the only statement She had was from Sgt. Birdow Substitute Counsel ms. Gaston   would not let me use major. Smith for a witness because he was not there when the phone was found, but he is the major and I had went to him April 16, 2020 and informed him about my cell mate and his involvement with cell phone's and K-2, I even put co. Aquna in my grievance *Appeal* because he was deny and one of my best witness. encolsed is both

I request that was returned to me from Disciplinary first one said Footage was reviewed on 5-12-20 Brown paper bag. Second request returned said did not see inside bag just picts attached, if the footage was reviewed it would have showed everything, The pictures attached had to be way after and done by officer Dill and Sgt. Birdow, what did the footage show? - why no pictures of the cough drop bag taken if I kicked a bag on to the run with a phone and two chargers in it, why was I unhand cuff by Sgt. Riley and sent back to A-Pod then rehand cuff by Sgt. Simons? - why did Sgt. morrison never say a word to me only talked to my cell mate williams whom told him the phone was his in fact when I was unhand cuff by Sgt Riley and Released back to A-Pod Sgt. morrison stayed in the muti purpose room talking to williams

GROUND FOUR: About The charger

Found the cell phone and a charger in a cough drop bag slide down the run it would be hard to write me or williams up for Something found on the run so they conspire together and wrote me up Dill lied if all really happen with me kicking a phone and two chargers out my cell and on to the run, why was I unhand cuff and sent back to my Pod? I Tell you why soon as Sgt. Birdow found the found, I and williams was re hand cuff why was williams given a Pre hearing detention Physical it's on File cell phones are real serious and it is very uncommon for nobody not to be put in lock up, but because of the coronavirus myself or williams went to P.H.D lock up and was sent back to our cell 3-A-34 giving officer Dill and Sgt. Birdow time to fabricate a story even when Sgt. Riley came to investigate the case He couldn't believe it was on me and ask did something else happen after I left 8-bldg is way on the other side of the unit from 3-bldg I am unasign medical don't work williams, officer Dill Sgt. Birdow the dirty officer martinez all are 8-bldg I went to major. Smith He Apologize for not calling me out, I got the dirty officer martinez cell phone number as williams told his Brother one night I still remember it (965) or (956) 410-8977 and sent it to major Smith he fired martinez because of that. major. Smith is now on the michael unit I believe please contact him. Also when I first Told Him about williams and officer martinez New Ass. Warden Alsobrao was walking with him from The O.D.R to (1) bldg major Smith told me he would call me out later never did

I wrote in my step() grievance month's ago before major. Smith call me out, that all Someone had to do was talk to me and I would prove all I said about officer martinez and offender williams was true, plus I had the officer cell phone number plus it was another K2 drop coming nobody cared, due to the corona-virus they was no longer searching the officer's coming in to work and officer martinez was bringing it in, for one phone start at more $1,000 do you know how much money is made off (1) water bottle of liquid K2 for an I.D card it's $100.00 you get like (9) I.D cards from one sheet of paper like i'm writing on, you do the math. I'm indigent have not made commissary since 2015, if I was dealing in cell phones I would have money on my books to be able to eat health and take Vitamins I got medical conditions. Williams would talk alot and it was believed that this older offender whom was also G5, 8-bldg was officer martinez Dad, when I spoke to major. smith 6-26-20 he was aware of them two but told me they was only friends from the same neighborhood, well they was making lot's of money, and if major. smith knew that, that offender was not suppose to be on the same unit for that reason, I even put about the father-son in my step one grievance, I told captain martinez alot at disciplinary, hear tape it was recorded, what more could I have done when we was on COVID-19 quarantine and nobody would listen or help me, I am fully aware of perjury and i'm being totally truthful, I was also coming up for parole October 2020 major. smith, sgt. Riley, sgt. Birdow, sgt. morrison and co III Aguna Sgt. Simons will be helpful, Aguna I really trust, you can even ask him about the offender who sent him a note by co III Brown that a phone was in 3-A-Pod shower the phone was broke, that is how the extra charger came The guy Nick name Booties was the S.S.I helping williams sell K2 got a major. case for K2 was trying to get out of the case, williams gave him the broke phone, that is how the extra charger came about, again I have no money The broke phone came from a cell over 36 cell, go by Two real name could be Jackson or Johnson co III Ms. wilson heard him talking on the phone Tried to go in cell Two hit her with the door flush the phone, it didn't go down Two go to Lock up His cellie give williams the phone and charger, william know Two from Cofild sold Two The phone $1,000 see picture both chargers the same All Phones the same grievance enclosed. All officers involved should have wrote a statement

Texas Department of Criminal Justice

8L-10B

STEP 1   GRIEVANCE FORM

OFFICE USE ONLY

Grievance #: 2020128691

Date Received: 5-29-20

Date Due: 6-28-20

Grievance Code: 410

Investigator ID #: 124710

Extension Date:

Date Retd to Offender: JUN 3 0 20__
JUN 3 0 20__

Offender Name: Kevin L. Batts   TDCJ # 1925765

Unit: Hughes   Housing Assignment: 8-L-10

Unit where incident occurred: A-It

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Major Smith   When? 4-16-20

What was their response? I'm real busy i'll Call you out later

What action was taken? None went on lock down that Same day

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

On 4-16-20 I stopped major Smith to report my cell mate williams clinton #738766 and his use of drugs and cell phone he took my name and cell number never to call me out we did go on lock down that day. on 5-10-20 about (5) officers from 8-bldg ran into my cell looking for the phone, my cellie work on 8-bldg and him and officer Dill are officer, offender friends, officer Dill Search williams first then me, now the phone and (1) charger was in a cough drop bag the other charger was in a brown paper bag that our Johnnys came in on our floor with a few other bags, williams had already slid the phone out the cell in the cough drop bag when the other offenders started yelling they are coming in the back door. I am an Elder offender with a real bad leg walk and I walk with a cane, if I did Kick that bag it was not intently, I went to major Smith for then to get the phone and not try to help williams Keep it and even if I did Kick the bag unintently Does that make the phone mine or give officer Dill the right to Say it's my phone especially with offender williams #738766 telling the Administration both chargers and phone belong to him he told sgt. Barlow, Birddog, sgt. Radley, officer Aquna, co II Brown it was his yet I get a case and the one the phone belong to get away. it's a lot to this you have williams the master mind, you have a officer, son and a couple other gang memebers, I even got the dirty officers cell phone number and it's another Big cell phone, K2 drop coming, I used co II Aquna for my witness at disciplinary but they never contacted him, lied to me and Said Aquna said he didn't hear williams Say anything, the Footage will show all that happen but they refuse to review it. Just find me guilty, check williams disciplinary he was sent

---

I-127 Front (Revised 11-2010)   YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM   (OVER)

Appendix F

To this unit for this, thats all he do. I have went to major Smith for help way before this happen for help. what we have here is a offender telling them everything is his but because officer Dill said I kicked the bag now I had a phone and (2) chargers. all somebody need to do is talk to me and I will prove all I say is true about williams and the dirty officer you have a son who work here and the Dad is a offender dealing in K2 and cell phone williams is a big part of that. this is to appeal #2020O190590 the footage was not reviewed my witness Aguna co III was not talked to they lied on him to me. check medical have a bad knee walk with a cane take (2) difference kind of medication that make me dizzie I was not full awake and stuff was all on my floor

**Action Requested to resolve your Complaint.**

A full investigation be done starting with me, williams, Dill and disciplinary concerning the above and major Smith also co III Aguna

Offender Signature: _Louis L. Batts_ _____ Date: _5-19-20_

**Grievance Response:**

Disciplinary case #20200190590 has been reviewed. There were no procedural or due process errors identified. It appears that there was sufficient evidence to support a guilty verdict and the punishment imposed was within established guidelines. Based on available facts, there is no valid reason to warrant overturning this case.

Signature Authority: _____ _M. Odell Jr_ _____ Date: _6-26-20_

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**       *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.

☐ 2. Submission in excess of 1 every 7 days. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. No documented attempt at informal resolution. *

☐ 6. No requested relief is stated. *

☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *

☐ 8. The issue presented is not grievable.

☐ 9. Redundant, Refer to grievance #_____

☐ 10. Illegible/Incomprehensible. *

☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:**_____

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| **2ⁿᵈ Submission** | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| **3ʳᵈ Submission** | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |

I-127 Back (Revised 11-2010)

Appendix F

SEP 2 2 2020



**Texas Department of Criminal Justice**

# STEP 2
**OFFENDER GRIEVANCE FORM**

| OFFICE USE ONLY |
| --- |
| Grievance #: 2020128609 |
| UGI Recd Date: JUN 0 3 2020 |
| HQ Recd Date: JUL 1 0 2020 |
| Date Due: 8 2 |
| Grievance Code: 410 |
| Investigator ID#: 1-2193 |
| Extension Date: 9-1 |

Offender Name: Kevin L. Batts   TDCJ # 1925765

Unit: Hughes   Housing Assignment: 8-L-10 (y)

Unit where incident occurred: A-H

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).**   *I am dissatisfied with the response at Step 1 because...*

I totally disagree with the responds I received from my Step(1) they seem to have take a willful blindness attitude and denial of interest of my due process rights along with equal protection. on 4-16-20 I told major Smith who was walking with new warden Alsobrook about this situation I was trying to avoid problems by association he told me he was very busy got my name and cell said he would call me out never did, at the time it was (11) cell phones (10) for sell (1) williams keep and (1) pound of (K2) on 5-10-20 co II Dill search our cell and said I kicked a bag out as I exit my cell he pick the bag up with a cell phone in it and (2) chargers in it not true but if so he should have wrote me up for that, His I-210 clearly state I kick the bag on the run and my case simply states I had the phone in my possession all this about kicking a bag on the run is Tangential, according to the disciplinary report I was convicted of having a phone in my possession nothing about kicking the phone or finding it on the run. co II Dill did find a charger in our cell and williams #738766 told Sgt. Riley the charger was his as Sgt. Riley escorted us completely off A-Pod in cuffs to the muti purpose room after the phone was not Found! phone Sgt. Riley unhand cuff me in front of 3-bldg dest Sgt. morrison and williams was still in the muti purpose room talking the we both was release and back on A-Pod passive rec yard with other offenders when Sgt. Birds found the phone and charger on the run and we was rehand cuff Sgt. Simons is the lady who rehand cuff me and we was escorted to 12-bldg her and co II Santiago had completed searching 35 cell my cell was 34 cell officer Dill is not being truthful him and williams work 8-bldg together and are cool if he would have found that Phone like he said I would have never been uncuff and back on A-Pod Sgt. Birdo to williams

I-128 Front (Revised 11-2010)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**   (OVER)

Appendix G

Told Sgt. Birds, Sgt. Morrison, co III Aquna, co III Brown, co III Santiago, Sgt. Simons the phone was his oh co III Dill to and Sgt. Riley the charger war his and I lose every thing check williams disciplinary this is all he do he was sent here from coffield unit for this. He wrote me a statement that is enclosed what more could I have done we went on lock down but major smith should have call me out like he said he was he is the bldg major

Offender Signature: _Kevin L. Batts_                                    Date: _7-2-20_

**Grievance Response:**

Your Step 2 Grievance has been investigated by the Central Grievance Office.  You were appropriately advised at the Step 1 level.  Major Disciplinary Case #2020190590 has been reviewed and it was determined that the disciplinary charge was appropriate for the offense.  Furthermore, the punishment imposed was within Agency guidelines and all due process requirements were satisfied. Due to these facts, this case shall stand as rendered with no further action warranted by this office.

Signature Authority: _V. Barrow_   **V. BARROW**        Date: **AUG 2 6 2020**

Returned because:    *Resubmit this form when corrections are made.

☒ 1. Grievable time period has expired.
☒ 2. Illegible/Incomprehensible.*
☒ 3. Originals not submitted. *
☒ 4. Inappropriate/Excessive attachments.*
☒ 5. Malicious use of vulgar, indecent, or physically threatening language.
☒ 6. Inappropriate.*

CGO Staff Signature: _____

**OFFICE USE ONLY**

**Initial Submission**          CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) ____ Screened   ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

**2ⁿᵈ Submission**          CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) ____ Screened   ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

**3ʳᵈ Submission**          CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) ____ Screened   ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

**I-128 Back** (Revised 11-2010)                    **Appendix G**

To whom it may concern

Im a offender hear on The Hughes Unit MY NAme is Clinton Williams
I am of A Sound Mind on 5-10-20 Security did in fAct find A cell Phone
and (2) Chargers in or Around Cell 3-A-34 in wich I WAS cell mAtes
with offender Kevin L. BAtts #1925765 I Informed SgT Birdo and
Several Other T.D.C.5 OFFicAL ThAT All The Above Listed WAS mine
and offender BAtts hAd Nothing to do with Any of The conTraband
Yet CO III officer Dill took it upon him Self To write offender
BAtts a disciplinary

Thank you for your Time

DATE 06-20.20
Time 7.42.P.m
Clinton Williams
#0073876
3A34

To whom it may concern. Counsel Substitute

8-20-2020

My name is Kevin L. Batts #1925765 and on 5-13-2020 I did in fact go before Captain Martinez for disciplinary case #20200190590 in which I requested the footage be reviewed and she refused me that right now my (Attorney) (Offender) is filing a 2254 in Federal court and we need to know if the footage was reviewed what was seen and if it was not reviewed why, what we need to know is what office picked the phone up off the run, what kind of bag it was in and how far away from 34 cell was it or most important was the phone already on the run when security came up to two row and to 34-cell.

I'm not going to go away so please answer this one way or the other.

   I hope you are staying relatively safe, as well as healthy during the COVID-19 outbreak
      In Solidarity
         Kevin

Yes footage was reviewed on 5-12-20

Brown paper bag

I-60 Request

To. Disciplinary Department

Kevin L. Batts      #1925765

8-L-10.

To Whom it may concern OR Counsel substitute Kathleen Brase.

My name is Kevin L. Batts #1925765 and on 5-13-2020 I went to court before captain martinez for disciplinary case 202004190590 #20200190590 now im about to go to Federal court because of this and need to know "what you seen "in the Brown paper bag <u>was it a cell phone or a charger for a cell phone</u>," was there a cough drop bag?~ was the bag brown ~~enough~~ already on the run when the officer's arrived at 3-bldg A-Pod 34 cell also how did the bag get on to the run and how many officers was around? did you review the footage completely after I told you sgt. Birdo found the phone on the run <u>after I was unhand cuff and released</u>, what was the statement from officer Aquna?~

Pleas get back with me A.S.A.P
I'm not going to go away. 10-15-2020

In solidarity
Kevin

Photo of cell phone & charger.

I did not see inside bag Just picts attached.

Statements from
Sgt Riley
CO Brown
Sgt Birdow
CO Acuna
Sgt morrison

TO. Disciplinary Department

Kevin L. Batts #1925765          Date. 10-15-2020

8-L-10 cell

I-60 Request

Hughes Unit
RT 2, Box 4400
Gatesville, TX 76597

" origin

U.

80

Wa